UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND
Case No. _____

**EUGENE ADKINS,**
**RRC Box 2287**
**Wayne, West Virginia 25570**

    **PLAINTIFF,**

    v.

**MARIO PALERMO**
**4234 Meridian Parkway, Suite 134**
**Aurora, Illinois   60504**

Serve:
**Kentucky Secretary of State**
**(KRS 454.210)**

    **DEFENDANT.**

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Eugene Adkins, for his Complaint against Defendant Mario Palermo, states as follows:

### JURISDICTION AND VENUE

1.    Plaintiff Eugene Adkins is an individual and citizen of the State of West Virginia.

2.    Defendant Mario Palermo, on information and belief, is an individual and citizen of the State of Illinois.

3.     The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.     This Court has jurisdiction over the subject matter of this case under 28 U.S.C. sec 1332 in that it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.   Venue is appropriate in this district because all or substantially all of the events giving rise to this case occurred in this district.

## FACTS GIVING RISE TO CLAIM

4.     This case alleges legal negligence against Defendant Palermo during the course of his representation of the Plaintiff an action filed in this Court in 2009 ("the Kentucky case") alleging permanent and disabling injuries suffered by the Plaintiff in an industrial accident during the course of his employment.

5.     On information and belief, Defendant Palermo represented in the Plaintiff in a workers' compensation action prosecuted in State of Illinois arising out of the same injuries as the Kentucky case in this court.

6.     On information and belief, Defendant Palermo is a lawyer admitted to practice in the courts of the State of Illinois, but not admitted in the Commonwealth of Kentucky for general purposes.

7.     The Kentucky case filed in this court in which Palermo represented the Plaintiff was a common law tort action against AK Steel, which owned the premises and the railcars on which the Plaintiff was injured, and which injury

formed the basis of both the Kentucky case and the Illinois workers' compensation case.

8. Defendant Palermo filed the Kentucky case alleging negligence against AK Steel, on the grounds that it was not the Plaintiff's employer, and therefore, not covered by any workers' compensation immunity that protected Adkins' employer.

9. Adkins' employer was Relco Locomotives, Inc., which provided contract services for AK Steel. During the course of his services for Relco, which in turn was providing service to AK Steel, the Plaintiff was injured.

10. AK Steel ultimately prevailed in the Kentucky case by summary judgment granted by US District Judge David Bunning.

11. The rationale of that decision was that Relco was performing services for AK Steel, but they were not services that AK Steel was unable to perform through its own employees, and that therefore AK Steel was entitled to "up the line" workers' compensation immunity under the Kentucky version of the expanded immunity of certain entities for services performed by independent contractors.

### CLAIMS FOR RELEIF
### COUNT ONE
### PROFESSIONAL NEGLIGENCE

12. In the course of his representation of the Plaintiff, Defendant Palermo did not engage a Kentucky-licensed lawyer as co-counsel. He was

admitted *pro hac vice* by a *pro se* motion filed on his behalf by the Plaintiff.

13. During the course of his representation, Defendant Palermo committed one or more acts of legal negligence, which led to the dismissal of Adkins' Complaint by summary judgment. These acts of negligence included one or more of the following: failing to become conversant with the Kentucky workers' compensation regime and its related doctrine of "up the line" immunity; failing to engage Kentucky counsel conversant with the Kentucky version of workers' compensation immunity, including the associated doctrine of "up the line" immunity; failing to prosecute the Kentucky action in a manner that would have established the inapplicability of the "up the line" immunity defense to a non-employer; failing to adequately prepare a record by testimony, expert opinion, and documentary evidence that would have established the inapplicability of the "up the line" immunity; and the failure to file potentially relevant depositions that would have defeated the up the line immunity defense.

14. All of these acts were the proximate cause of the dismissal of the Plaintiff's Complaint in the Kentucky action.

15. As a result of the Defendant's negligence, and the consequential dismissal of the Plaintiff's Complaint, the Plaintiff suffered damages in the form of loss of damages that he would have been awarded if he would have survived summary judgment in the Kentucky case, including an award of damages for his permanent pain-and-suffering, permanent disability, and any permanent loss of

4

income beyond his workers' compensation award.

**WHEREFORE** the Plaintiff prays for judgment against Defendant Palermo for an amount in excess of $75,000, exclusive interest and cost, and whatever other relief to which he may be entitled based on the evidence.

*/s/ Joseph E. Conley, Jr*
Joseph E. Conley, Jr. [KBA 14065]
Raines, Buechel, Conley & Dusing, P.L.L.C.
6900 Houston Road, Suite 43
Florence, Kentucky 41042
Ph:   (859) 578-6600
Fax:   (859) 578-6609
Email: jconley@rbcdlaw.com
*Attorney for Plaintiff*

## JURY DEMAND

The Plaintiff hereby demands a trial by jury of all issues triable by jury in this case.

*/s/ Joseph E. Conley, Jr*
Joseph E. Conley, Jr.